IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00151-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **ORDER** |
| DYLAN MARTIN TART,<br>Defendant. | )<br>)<br>) | |

This matter is before the court on the Government's Motion for Default Judgment [DE-7]. For the reasons stated below, the motion is ALLOWED.

## I. PROCEDURAL HISTORY

On April 8, 2015, the Government filed a civil complaint [DE-1] against Defendant Dylan Martin Tart alleging that Tart has defaulted on two promissory notes executed in favor of the Farm Services Agency, a department of the United States Department of Agriculture. The Summons and Complaint were served on Tart by certified mail on April 14, 2015. *See* Notice Service [DE-4]. Tart failed to respond. The Clerk, on motion of the Government, entered Default on July 30, 2015. Entry Default [DE-6]. The Government filed the instant motion [DE-7] on August 24, 2015.

## II. FINDINGS OF FACT

A defendant who fails to respond to a complaint "admits the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The defendant, however, is "not held ... to admit conclusions of law." *Id.* The court, therefore, must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought

in [the] action." *Id.* Taking the well-pleaded allegations in the complaint [DE-1] as true, the court finds the following facts:

On February 15, 2012, Tart borrowed a total of $141,000.00 from the Farm Service Agency (hereafter "the FSA"), as evidenced by two promissory notes (hereafter "the Notes")—one for $96,000.00 (hereafter "Note 1") and the other for $45,000.00 (hereafter "Note 2"). Compl. Ex. A [DE-1-2]; Compl. Ex. A-2 [DE-1-3]. As security for the two notes, Tart granted to the FSA a secured interest in his crops and equipment including, but not limited to, particular farm equipment described in the Security Agreement. Compl. Ex. C [DE-1-5]. Note 1 was due to be paid by a single payment of principal and interest totaling $97,320.00 on February 1, 2013. Compl. Ex. A [DE-1-2]. Note 2 was to be paid in seven annual installments of $6,787.00 beginning on February 1, 2013. Compl. Ex. A-2 [DE-1-3].

Tart has defaulted on both loans, having paid less than the entire amount due on Note 1 and having made no payment whatsoever on Note 2. *See* Compl. Ex. B [DE-1-4]. Tart's outstanding principal balance is $52,538.15 on Note 1 and $45,000.00 on Note 2. *Id.* Interest through March 5, 2015 totals $1,880.85, with interest accruing at a daily rate of $3.6744 thereafter. *Id.*

The Notes and security instruments provide that, upon default, the entire principal and interest shall become due and payable without notice, at the option of the holder of the Notes, the United States of America. Compl. Ex. A [DE-1-2]; Compl. Ex. A-2 [DE-1-3]. Further, the Notes and security instruments may be foreclosed with costs of foreclosure charged against the proceeds of any sale thereunder. Compl. [DE-1]. The Government has elected to declare the entire indebtedness due and payable and has made demand upon Tart. *Id.* Tart has failed to make payment. *Id.* The FSA initiated a foreclosure under the terms of the Security Agreement, but Tart has refused to allow peaceable possession of the collateral. *Id.*

2

## III. CONCLUSION

In light of the foregoing findings of fact, the court concludes that the United States of America is entitled to default judgment. Accordingly, it is hereby ORDERED:

1. That a judgment is entered in favor of the United States of America against Dylan Martin Tart for the sum of $97,538.15 principal, plus interest accrued thereon through March 5, 2015, in the sum of $1,880.85, plus interest thereafter until paid at the daily rate of $3.6744, plus accrued and future costs of this action and lawful interest.

2. That Tart is enjoined from selling, trading, or wasting any assets covered by the Promissory Notes, Security Agreement, or Financing Statement, except as may be allowed by the Promissory Notes, Security Agreement, or Financing Statement.

3. That the United States of America's security instruments be foreclosed and all right, title, and interest of Dylan Martin Tart, and any persons holding by, through, or under him, including any equity of redemption or rights of power, and rights of any junior lienholders, be forever barred in and to the aforesaid personal property at issue in the security instruments.

4. That upon foreclosure and possession, the farm equipment be sold by the United States Marshal upon such time, notice, and conditions as the law may prescribe and the court may require, and out of the net proceeds of said sale, after payment of costs associated with the sale, the United States of America be paid the amount thereof on its claim above described.

5. That, in order to most efficiently facilitate the foreclosure sale of the property, the court designates the FSA as the substitute custodian in this matter and allows the United States Marshal to turn over the property used as security, as listed in the Security Agreement, to

the FSA after pick up for sale at auction of the property in compliance with the court's Order.

6. That proceeds of the auction sale should be paid directly to the United States Attorney's Office, Financial Litigation Unit, with an accounting provided to the United States Marshal and the FSA for their records. All costs associated with this sale shall be paid from sale proceeds.

SO ORDERED.

This the 29 day of September, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge